FILED BY DEPUTY RHONDA WILHITE DOWDY
CASE NB CV2012-000014 - AKH
CIRCUIT CIVIL COURT - CID = 73
CLERK PHYLLIS STANFORD

**FILED FEB 16 2012**
DAVID CREWS, CLERK
BY _____ Deputy

## IN THE CIRCUIT COURT OF UNION COUNTY, MISSISSIPPI

**TRACY L. CHISM**                                                   **PLAINTIFF**

**VS.**                              **CAUSE NO: CV-2012-14-U (Haworth)**

MS N 3:12CV17-GHD-SAA

**MASTER-BILT, INC. a/k/a STANDEX INTERNATIONAL CORPORATION AND INDEMNITY INSURANCE COMPANY OF NORTH AMERICA**                      **DEFENDANTS**

### COMPLAINT
(Jury Trial Demanded)

**COMES NOW**, Plaintiff Tracy L. Chism, by and through undersigned counsel, and files this Complaint against the Defendants named herein, and for cause would show unto this Court the following, to-wit:

### PARTIES

1.

Plaintiff is an adult resident of Union County, Mississippi.

2.

On information and belief, Defendant Indemnity Insurance Company of North America (hereinafter referred to as "IICNA"), is a foreign insurance corporation with its principal place of business located at 436 Walnut Street, Philadelphia Pennsylvania 10105. At all material times, IICNA did business and is currently doing business in the State of Mississippi. At all material times IICNA had in effect insurance coverage for the Plaintiff for which complaint is made herein. The registered agent for service of process for IICNA is the Commissioner of Insurance for the State of Mississippi pursuant to Miss. Code Ann. § 83-21-37.

3.

Defendant Master-Bilt, Inc., is a subsidiary, member and/or division of Standex International Corporation which is a Delaware corporation authorized to do business in the

STATE OF MISSISSIPPI
COUNTY OF UNION
This is to certify that this is a true and correct copy of the original on file in this office this the 15 day of Feb, 2012.
Phyllis Stanford
Circuit Clerk
Phyllis Stanford, D.C.

FILED JAN 17 2012
PHYLLIS STANFORD
CIRCUIT CLERK
BY R. Dowdy D.C.

My Commission Expires January 3, 2016

State of Mississippi. Process can be served through Standex International Corporation's registered agent, Incorp Services, Inc., 405 Galleria Lane, Suite C, Oxford, Mississippi 38655.

## FACTS

4.

On or about October 7, 2008, Plaintiff, while in the course and scope of his employment with Defendant Master-Bilt, incurred a compensable injury while Plaintiff was engaged in clearing a jam in a rolling form machine. This injury was timely reported to Defendant Master-Bilt and its workers' compensation carrier as of that date, IICNA. The Plaintiff sustained serious injuries to his left hand, digits on the subject hand and his upper extremity which ultimately led to the amputation and/or partial amputation of several digits. These injuries have caused and continue to cause the Plaintiff to suffer great pain and discomfort.

5.

Plaintiff filed a Petition to Controvert with the Mississippi Workers' Compensation Commission on or about February 6, 2009, as a result of the injuries sustained to his left hand, left digits and upper extremity incurred while in the course and scope of his employment with Defendant Master-Bilt. The injury has been admitted as work-related by the Defendants in the case before the Mississippi Workers' Compensation Commission.

6.

As a result of the Plaintiff's work-related injury he incurred significant prescriptions costs connected therewith. The Defendants, despite multiple requests from Plaintiff's counsel, have failed to pay for the outstanding prescriptions; therefore, Plaintiff filed a motion with the Mississippi Workers' Compensation Commission to compel payment of medical services and expenses.

FILED BY DEPUTY RHONDA WILHITE DOWDY
CASE NB CV2012-000014 - AKH
CIRCUIT CIVIL COURT - CID = 73
CLERK PHYLLIS STANFORD

7.

On or about October 19, 2010, the Administrative Law Judge, Hon. Deneise Turner Lott, issued a written order requiring the Defendants "to provide the Plaintiff will all medical services and supplies required by the nature of his injury and the process of recovery as provided in Miss. Code Ann. Section 71-3-19 (Rev. 2000)." Upon entry of the order and the award to the Plaintiff, the Defendants were to pay approximately $5,000.00 in outstanding prescription invoices to Medical Center Pharmacy of New Albany, Mississippi. Additionally, Defendants were to pay for medical services and supplies recommended by Plaintiff's treating physicians that would restore Plaintiff to the maximum usefulness he could achieve considering his permanent impairments.

8.

Subsequent to the order of the Administrative Judge, Plaintiff continued to incur prescription costs and was also fitted for a functional work glove. Plaintiff's counsel repeatedly requested the Defendants to pay for the prescriptions and functional work glove; however, the Defendants did not make such payments. In addition, as a result of the Defendants' failure to pay for the functional work glove, CFI Prosthetic & Orthotics, the company in charge of supplying and fabricating the gloves for the Plaintiff, refused to give Plaintiff a cosmetic glove or repair his now broken functional work glove. As a result of the continued denial of payment by the Defendants the Plaintiff filed multiple motions to compel payment of medical services and expenses.

9.

On or about November 18, 2011, a telephonic hearing was held wherein counsel for the Defendants **agreed** that Plaintiff was entitled to the relief requested in his motion to compel regarding the payment of the outstanding prescriptions and prosthetic devices.

FILED BY DEPUTY RHONDA WILHITE DOWDY
CASE NB CV2012-000014 - AKH
CIRCUIT CIVIL COURT - CID = 73
CLERK PHYLLIS STANFORD

10.

On or about December 6, 2011, the Administrative Law Judge, Hon. Deneise Turner Lott, issued a written order, attached hereto and incorporated herein by reference as **Exhibit A**, pursuant to the telephonic hearing of November 18, 2011. Judge Lott awarded the Plaintiff and ordered Defendants to "to provide the Plaintiff will all medical services and supplies required by the nature of his injury and the process of recovery as provided in Miss. Code Ann. Section 71-3-19 (Rev. 2000), to include (1) all outstanding prescription written by his authorized physicians to treat his work-connected injury or its sequella....and (2) the cosmetic and the functional prosthetic devices recommended by [Plaintiff's treating physician]."

11.

Defendants did not appeal the decision of the Administrative Law Judge to the full Commission. More than 30 days has elapsed since entry of the order of the Administrative Judge; therefore, the Defendants have no further administrative remedies, nor does Plaintiff.

12.

Defendants have not paid for the medical services and expenses of the Plaintiff as awarded and ordered by the Administrative Law Judge Hon. Deneise Lott.

13.

Defendants have refused to pay many of the medical bills and out-of-pocket expenses incurred by Plaintiff, despite repeated demands they do so and in flagrant disregard for the Administrative Law Judge's Order abovementioned, and despite apparent notice from their attorney that Plaintiff's bills should be paid.

14.

Counsel for Plaintiff has contacted counsel for Defendants on multiple occasions requesting payment for Plaintiff's medical bills, but Defendants steadfastly continue their practice of refusing to pay.

15.

Plaintiff continues to require medication, treatment and medical devices/prosthesis for his injuries, but has been unable to receive his necessary medication, treatment and medical devices/prosthesis as awarded by the Administrative Law Judge. Plaintiff's credit has been severely impacted as a result of the unpaid medical expenses.

## COUNT I

## BAD FAITH AND BREACH OF FIDUCIARY DUTY

## BY DEFENDANTS

16.

Plaintiff re-alleges those facts and averments contained hereinabove as if set forth fully herein.

17.

Defendants IICNA and Master-Bilt, at all times relevant hereto, owed Plaintiff a fiduciary duty to exercise good faith and an obligation to deal fairly. Further, the Defendants owed Plaintiff a duty to deal with him and pay his claims in good faith.

18.

All denials of payment for medical bills, as noted above, made by Defendants IICNA and Master-Bilt, were made without legitimate and arguable reason. Further, said denials were

totally made with only the Defendants' best interest in mind and in total disregard of the orders of the Administrative Law Judge in the Plaintiff's workers' compensation case.

19.

Defendants IICNA and Master-Bilt are jointly and severally liable for their failure to properly pay benefits to Plaintiff as awarded and ordered by the Mississippi Workers' Compensation Act and Administrative Law Judge Hon. Deneise Lott. Defendants IICNA and Master-Bilt's actions, inactions, and knowledge are each imputed to the other.

## COUNT II

## FRAUD BY DEFENDANTS

20.

Plaintiff re-alleges those facts and averments contained hereinabove as if set forth fully herein.

21.

The Defendants intentionally, deliberately and fraudulently misrepresented their intentions to provide workers' compensation benefits to Plaintiff. Plaintiff was entitled to reasonably rely upon such representations and, in fact, did reasonably rely upon such representations.

22.

The conduct of the Defendants was intentional, deliberate and a product of evil intent, designed to defraud Plaintiff of benefits, with no intention of fulfilling their legal duties.

FILED BY DEPUTY RHONDA WILHITE DOWDY
CASE NB CV2012-000014 - AKH
CIRCUIT CIVIL COURT - CID = 73
CLERK PHYLLIS STANFORD

23.

Said conduct constitutes an independent tort and entitles Plaintiff to punitive damages in an amount which will punish the Defendants for their conduct as well as to deter Defendants and others from similar misconduct in the future.

## COMPENSATORY DAMAGES AND OTHER DAMAGES

24.

As a result of the Defendants bad faith, breach of fiduciary duty and fraud Plaintiff has experienced, suffered and/or sustained damages as follows and is entitled to: (1) compensatory damages for any unpaid medical expenses and all other past and present unpaid benefits afforded under the Mississippi Workers' Compensation Act and awarded and ordered by Administrative Law Judge Hon. Deneise Lott; (2) Past, present and future mental anguish; (3) Past, present and future physical pain and suffering; (4) Past, present and future emotional distress; (5) Loss of enjoyment of life; and (6) Other damages to be proven at the trial of this matter.

## PUNITIVE DAMAGES AND ATTORNEY'S FEES AND EXPENSES

25.

Plaintiff re-alleges those facts and averments contained hereinabove as if set forth fully herein.

26.

The omissions, conduct, breaches, failures, negligence, gross negligence and intentional misconduct on the part of the Defendants were willful, wanton, malicious and exhibited a reckless disregard for the rights of the Plaintiff. Likewise, any act of fraud that may have been perpetrated by the Defendants would be intentional and/or grossly negligent and in reckless disregard for the rights of the Plaintiff. There is no arguable or legitimate reason for the

Defendants to have denied payment of the medical services and expenses ordered by Administrative Law Judge Hon. Deneise Lott. As such, Plaintiff is entitled to an award of punitive and/or exemplary damages from the Defendants, individually and/or jointly, in order to punish Defendants for their unlawful, intentional, grossly negligent, careless and reckless conduct as well as to deter Defendants and others from similar misconduct in the future.

27.

In the event of an award of punitive and/or exemplary damages in this action, or a judicial finding that the conduct of the Defendants was punitive in nature and the type that would authorize an award of punitive damages, Plaintiff is entitled to and hereby demands recovery of his reasonable attorney's fees and expenses.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests this Honorable Court award damages against these Defendants for the following: (1) Past and present unpaid medical expenses; (2) Past and present unpaid expenses; (3) All other past and present unpaid benefits afforded under the Mississippi Workers' Compensation Act; (4) Past, present and future mental anguish; (5) Past, present and future physical pain and suffering; (6) Past, present and future substantial financial distress; (7) Loss of enjoyment of life; (8) Attorneys' fees and costs associated with the prosecution of this action; (9) pre-judgment and post-judgment interest on all such amounts; (10) Punitive damages in an amount calculated to punish the Defendants for their wrongful, willful, wanton and unjustified conduct concerning these claims and to deter Defendants and those similarly situated from like conduct in the future; and (11) Other damages to be proven at trial, in an amount to be determined by a jury, reasonably believed to be in excess of this Court's minimum jurisdictional limits.

Further, Plaintiff prays for general relief.

**Respectfully submitted** this the 11th day of January, 2012.

TRACY L. CHISM,

William O. Rutledge, III, MSB# 05753
RUTLEDGE, DAVIS, AND HARRIS, PLLC
113 West Bankhead Street
Post Office Box 29
New Albany, MS 38652
Telephone: (662) 534-6421

L.N. Chandler Rogers
ROGERS LAW GROUP, P.A.
201 East Bankhead Street
Post Office Box 1771
New Albany, MS 38652
Telephone: (662) 538-5990
Facsimile: (662) 538-5997

FILED BY DEPUTY RHONDA WILHITE DOWDY
CASE NB CV2012-000014 - AKH
CIRCUIT CIVIL COURT - CID = 73
CLERK PHYLLIS STANFORD

## THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION

MWCC NO. 0810354-K-2129

TRACY LEROY CHISM          CLAIMANT

VS.

MASTER-BILT, INC.          EMPLOYER

AND

INDEMNITY INSURANCE COMPANY OF NORTH AMERICA      CARRIER

### ORDER OF ADMINISTRATIVE JUDGE

This matter comes on for hearing on Claimant's Motion to Compel Payment of Emergency Medical Services and Expenses. This is Claimant's third motion to compel medical services and supplies filed within a fifteen-month period. It is the second motion to compel medical services and supplies regarding Employer/Carrier's failure to provide prosthetic devices.

Having considered the Commission file and the applicable law, this Administrative Judge finds as follows:

1. On October 7, 2008, Claimant was injured at work. The injury resulted in the amputation of two fingers and the fusion of a third finger on his left hand. Claimant returned to work for Employer after reaching maximum medical improvement from this injury, and he remains employed there to date.

2. On July 26, 2010, Claimant filed his first Motion to Compel Payment of Emergency Medical Services and Expenses. The Motion requested the provision of cosmetic and functional prostheses. The Motion also requested payment of medications required because of Claimant's work-related injury.

**Exhibit A**

STATE OF MISSISSIPPI
COUNTY OF UNION
This is to certify that this is a true and correct copy of the original on file in this office this the ___15___ day of __Feb__ 20_12_
Phyllis Stanford
Circuit Clerk
_____ D.C.

FILED BY DEPUTY RHONDA WILHITE DOWDY
CASE NB CV2012-000014 - AKH
CIRCUIT CIVIL COURT - CID = 73
CLERK PHYLLIS STANFORD

3. Employer/Carrier did not file a response to the Motion.

4. A telephonic hearing was convened on October 11, 2010, during which counsel advised that the outstanding prescriptions had been paid but that Employer/Carrier still had not provided Claimant with a cosmetic prosthesis or with a work prosthesis as recommended by Dr. James Calandruccio with Campbell Clinic. Employer/Carrier offered to provide a padded work glove but contested its liability for the prostheses.

5. On October 19, 2010, this Administrative Judge entered an Order requiring Employer/Carrier to provide Claimant with all medical services and supplies required by the nature of his injury and the process of his recovery as provided in Miss. Code Ann. Section 71-3-15 (Rev. 2000) and the Medical Fee Schedule, including treatment by Dr. Calandruccio who, in collaboration with a prosthetics provider of Dr. Callandruccio's choice, was to determine what further treatment or apparatus was needed to restore Claimant to the maximum usefulness that he could attain under his physical impairment.

6. On June 27, 2011, Claimant filed a second Motion to Compel Payment of Emergency Medical Services and Expenses. The Motion requested payment of prescriptions ordered by Dr. Johnny Mitias and Dr. James Calandruccio which remained outstanding despite "multiple requests by Claimant's attorneys to pay for the prescriptions previously filled" by Claimant's pharmacy. A statement attached as an exhibit to the Motion showed that $5,806.63 remained unpaid in prescriptions filled between January 2009 and April 2011.

2

7. On October 18, 2011, Claimant filed a third Motion to Compel Payment of Emergency Medical Services and Expenses. The Motion alleged CFI Prosthetics & Orthotics had fitted Claimant for a functional work glove and that it had fabricated a cosmetic glove per Dr. Calandruccio, but that Claimant had not been fitted for the cosmetic glove because Employer/Carrier had refused to pay for either the functional or the cosmetic glove.

8. Employer/Carrier did not file a response to the second or third motion.

9. On the day that the second and third motions were set to be heard, November 18, 2011, Claimant's counsel advised this Administrative Judge that, earlier the same morning, counsel for Employer/Carrier had contacted him and agreed to pay all outstanding pharmacy bills and both of the prosthetic devices recommended by Dr. Callandruccio. Counsel for Claimant also advised this Administrative Judge that the June 27, 2011 Motion requesting payment of pharmacy bills had not been brought up for hearing until November 2011 because Employer/Carrier had repeatedly reassured Claimant's counsel that the pharmacy bills had been placed in line for payment, although payment for same was never forthcoming.

10. Pursuant to the parties' agreement, Employer/Carrier shall therefore provide Claimant with all medical services and supplies required by the nature of his injury and the process of his recovery as required to restore him to health and vocational opportunity per Miss. Code Ann. Section 71-3-15 and Section 71-3-1 (Rev. 2000), as well as the Medical Fee Schedule. Said medical services and supplies shall include all outstanding pharmacy bills related to Claimant's work-connected injury

as well as the functional and the cosmetic prosthetic devices recommended by Dr. Callandruccio.

11. This Administrative Judge also appoints Barbara Oltremari, a nurse case manager with Rehabilitation, Inc., to facilitate the timely provision of all medical services and supplies prescribed by Dr. Calandruccio or any of Claimant's other authorized providers for the purpose of restoring him to health and vocational opportunity per Miss. Code Ann. Sections 71-3-1 and 71-3-15 (Rev. 2000). Nurse Oltremari will also ensure that Employer/Carrier has the documentation it needs to timely pay Claimant's medical providers per the Act and the Medical Fee Schedule.

12. Nurse Oltremari shall not serve as an advocate for either party or for any outcome other than that identified as the purpose of the Act in Section 71-3-1: a worker's "rehabilitation or restoration to health and vocational opportunity." She shall copy both parties with any reports she files with the Commission. Nurse Oltremari's telephone number is (601) 720-8091. Her business address is 1498 Ole Fannin Road; Brandon, MS 39047. Her e-mail address is boltre784@comcast.net.

## ORDER

IT IS THEREFORE ORDERED that Employer/Carrier shall timely pay all medical services and supplies required by the nature of Claimant's injury and the process of his recovery as provided in Miss. Code Ann. Section 71-3-15 (Rev. 2000) and the Medical Fee Schedule, including (1) all outstanding prescriptions written by his authorized physicians to treat his work-connected injury or its sequella, (2) the cosmetic and the functional prosthetic devices recommended by Dr. Calandruccio, and (3) the services of nurse case manager Barbara Oltremari

4

with Rehabilitation, Inc. who shall ensure the timely payment of all reasonable and necessary medical services and supplies.

SO ORDERED, DEC 0 6 2011 _____.



*Deneise Turner Lott*

_____
**DENEISE TURNER LOTT**
**ADMINISTRATIVE JUDGE**
**MWCC NO. 0810354-K-2129**

ATTEST:

*Phyllis C. Clark*
_____
**PHYLLIS CLARK, SECRETARY**

5